**Patricia A. Gitre PLC**
Patricia A. Gitre 011864
801 N. 1st Ave
Phoenix, AZ 85003
602-320-0314
patgitre@patriciagitre.com
Attorney for Defendant Gary L. Pierce

**ASHLEY D. ADAMS, PLC**
**Ashley D. Adams, 013732**
4301 N. 75th Street
Suite 105
Scottsdale AZ 85251
Phone:     (480) 219-1366
Facsimile: (480) 219-1451
aadams@azwhitecollarcrime.com
Attorney for Defendant Sherry Ann Pierce

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Gary Leonard Pierce, George Harry Johnson, James Franklin Norton and Sherry Ann Pierce,<br><br>Defendants. | No. CR17-713-PHX-JTT<br><br>**JOINT MOTION TO COMPEL DISCOVERY**<br><br>**(Oral Argument Requested)** |

Defendants Gary and Sherry Pierce, by and through undersigned counsel, hereby moves this court for an Order compelling the government to provide discovery. The government refuses to release discovery to the defense without a stipulated Protective

Order for which it has failed to demonstrate good cause.  This Motion is supported by the attached Memorandum of Points and Authorities.  Excludable delay under 18 U.S.C. §3161(h)(7)(A) will occur as a result of this motion or an order based thereon.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   FACTS.**

On or about May 23, 2017, the Grand Jury issued an Indictment charging Defendants with one count Conspiracy in violation of 18 U.S.C. § 371, two counts of Federal Programs Bribery in violation of 18 U.S.C. § 666(a)(1)(B), one count of Honest Services Mail Fraud in violation of 18 U.S.C. § 1341 and 1346, and five counts Honest Services Wire Fraud in violation of 18 U.S.C. § 1343 and 1346.

On or about June 7, 2017, Defendant Sherry Pierce sent her request for discovery pursuant to Fed.R.Crim.Pro 16.  (**See letter to F. Battista from A. Adams dated June 7, 2017, EX 1** which Gary Pierce joined in the request).  To date, despite requests from all defendants, no discovery has been produced.  The government has advised that it will not produce any discovery without an extensive protective order.  The government provided a proposed stipulated Protective Order on or about June 15, 2017.  (*See* **e-mail from F. Battista to all parties dated June 15, 2017, and attached proposed stipulations and Orders, EX 2.)**  The government sought to keep the following confidential: (i) FBI reports of interviews, (ii) Jencks Act witness statements, (iii) any grand jury transcript; (iv) audio recordings of witness interviews, (v) transcripts of recorded witness interviews; (vi) financial records of third parties; and (vii) tax records of third parties, and (B) the

following material provided by the defendants to the United States: (i) reverse Jencks Act witness statements.

Ms. Adams advised that while Mrs. Pierce is willing to agree to a Protective Order that mirrors Fed.Crim.R.Pro. 49.1, she was not willing to agree to broad protective order sought by the government.[1]  The government seems to be concerned about a "much larger and more intensive investigation, wherein in Mr. Pierce, Mr. Norton and many others were interviewed by the FBI. Counsel responded as follows:

> The fact that this cases arises out of another investigation does not require our clients to keep 302's and transcripts confidential.  The government chose to indict our clients at this time, and during this stage of the other investigation.  If the matters are unrelated, then there is no good cause for confidentiality.  If they are related, we should be advised as such, especially if other charges are anticipated.  We do not want to be in a position of dealing with these charges now, and new charges later, as I am sure you can understand.  Do you anticipate a Superceding Indictment?  In terms of potential harm to a witness, that is something you are going to have to articulate-I don't see articulable harm in an alleged bribery case such as this-there are no issue surrounding cooperation, or other concerns that you might see in a drug case, for example.   We don't really want to spend a lot more time and energy on this, so please send the discovery as soon as possible. I take no issue with redactions that are covered by rule 49.1.

---

[1] Rule 49.1. Privacy Protection for Filings Made with the Court
(a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual, a party or nonparty making the filing may include only;
(1) the last four digits of the social-security number and taxpayer-identification number;
(2) the year of the individual's birth;
(3) the minor's initials;
(4) the last four digits of the financial-account number; and
(5) the city and state of the home address.

ASHLEY D. ADAMS, PLC
4301 N. 75th Street, Suite 105
Scottsdale, AZ 85251
(480) 219-1366
(480) 219-1366

(See exchange of e-mails by and between parties attached, EX 3.)

Despite various "meet and confer" sessions, the parties have not been able to reach an agreement regarding the scope of the Protective Order. Mr. and Mrs. Pierce now seek an Order compelling the government to produce the case discovery immediately.

**II.     ARGUMENT.**

Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. In *San Jose Mercury News, Inc. v. United States Dist. Ct.,* 187 F.3d 1096, 1103 (9th Cir.1999), the court said, "[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." See also I*n re Agent Orange Product Liability Litig.*, 821 F.2d 139, 145 (2d Cir.1987) ("[I]f good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public.")**.**

The government must demonstrate good cause to keep the items listed in their proposed Protective Order Confidential. Fed.R.Crim.P. 16(d)(1) (stating that a "court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief").[2] The government bears this burden for each specific document it

---

[2] Fed.R.Crim.P. 16(d)(1) is similar to Fed. R. Civ. P. 26(c) which states in part:
(1) In General. …The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(A) forbidding the disclosure or discovery;
\*\*\*
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;
\*\*\*

4

seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130–31 (9th Cir. 2003) citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1210-11 (9th Cir.2002).  See also *San Jose Mercury News*, 187 F.3d at 1102); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."); *United States v. Arredondo,* 2012 WL 1946955, at *1 (D.Ariz. May 30, 2012)  "Further, "the injury [resulting from the lack of a protective order] must be shown with specificity." *Id.  Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D.Md.1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm").

The only reason proffered by the government is some of the discovery is from an ongoing, "unrelated" case and disclosure will cause unknown negative effects:

> What we seek to limit is the publication of FBI 302s, and recordings and transcripts of witness interviews. The release of the contents of these materials pretrial outside of this case, clearly has the potential of serious negative effects on both this case and the other pending investigation. Exh 3, p.3

To date, the government continues to withhold all discovery from the defense simply because the defendants will not stipulate to an overbroad and unsubstantiated protective order.  The defendants have an October, 2017 trial date and are unable to investigate or develop their defense without the discovery.

**III.     REQUESTED RELIEF**

For the above reasons, Defendants Pierce respectfully request that the Court order the government to immediately disclose Rule 16 discovery to the defense.

5

RESPECTFULLY SUBMITTED 7/3/2017.

**PATRICIA A. GITRE PLC**

By: s/ Patricia A. Gitre
Attorney for Defendant Gary L. Pierce

**ASHLEY D. ADAMS, PLC**

By: *s/Ashley D. Adams*
　　Ashley D. Adams
　　Attorney for Defendant Sherry Ann Pierce

CERTIFICATE OF SERVICE

I hereby certify that on 7/3/2017 I electronically transmitted foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ ECF registrants:

THE HONORABLE JOHN J. TUCHI
tuchi_chambers@usd.uscourts.gov

Fred Battista
Assistant U.S. Attorney
Fred.Battista@usdoj.gov

Frank Galati
Assistant U.S. Attorney
Frank.Galalit@usdoj.gov

Ivan K. Mathews
ikmathew@mathewlaw.com
Attorney for James Norton

Woodrow C. Thompson
woody.thompson@gknet.com
Attorney for George Johnson

*s/ Pat Gitre*

6