

**ASHLEY D. ADAMS, PLC**

June 7, 2017

Fred Battista, Esq.
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Ste 1200
Phoenix, Arizona 85004
Fred.Battista@usdoj.gov

      **Re:**    *United States v. Gary and Shelly Ann Pierce*
              CR17-713-PHX-JJT

Dear Mr. Battista:

Pursuant to Rule 16 Federal Rules of Criminal Procedure, the Due Process Clause of the Fifth Amendment to the United States Constitution, and other applicable authority, Gary and Shelly Pierce hereby request that the government comply with its disclosure obligations.

The government's obligation to provide Rule 16 discovery extends to all materials of which the prosecutor knows and to which he or she has access. *See United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). The prosecutor is deemed to have knowledge of and access to anything in possession, custody or control of any federal or cooperating non-federal agency participating in the same investigation of the Defendant. Id. Therefore, please consult with all such agencies in preparing your discovery response.

Please provide the following:

    1.    The substance of any relevant oral statement made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a government agent if the government intends to use the statement at trial as provided in Rule 16(a)(1)(A);

    2.    Any relevant written or recorded statement by the Defendant as provided by Rule 16(a)(1)(B)(i);

    3.    That portion of any written record containing the substance of any relevant oral statement made before or after arrest if the Defendant made the statement in response to interrogation by a person the Defendant knew was a government agent as provided by Rule 16(a)(1)(B)(iii);

4301 N. 75th St., Suite 105, Scottsdale, AZ 85251
Office: (480) 219-1366 • Cell: (602) 524-3801 • Facsimile: (480) 219-1451
aadams@azwhitecollarcrime.com
www.azwhitecollarcrime.com

**EXH 1-001**

      4.      Recorded testimony of the Defendant before a grand jury which relates to the offense charged as provided in Rule 16(a)(1)(A)(iii);

      5.      All handwritten notes or other rough notes made by government agents while interviewing the Defendant as provided in Rule 16(a)(1)(A) and discussed in *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976);

      6.      Defendant's prior criminal record, the existence of which is known, or by the exercise of due diligence may become known, to the government as provided in Rule 16(a)(1)(D);

      7.      Copies of or an opportunity to inspect and copy or photograph all books, papers, documents, data, photographs, tangible objects, buildings or places or copies or portions of any of these items which are (i) within the possession, custody or control of the government or any of its agents, (ii) material to the preparation of Defendant's defense or to his sentencing under the Federal Sentencing Guidelines, or (iii) the government intends to use as evidence in its case-in-chief at trial, or (iv) were obtained from or belong to the Defendant as provided in Rule 16(a)(1)(E);

      8.      Copies of or an opportunity to inspect and copy or photograph any results or reports of physical or mental examinations, or of scientific tests or experiments related to or made in connection with the above-captioned case known to the government, or by the exercise of due diligence may become known to the government as provided in Rule 16(a)(1)(F);

      9.      Notice of the government's intention to use (in its case in chief at trial) any evidence which the Defendant may be entitled to discovery under Rule 16. I will, of course, rely upon that list in determining whether to file any motions to suppress evidence. Rule 12(d)(2).

      10.     A written summary of any expert whom the government intends to call at trial or sentencing, including name, area of expertise, qualifications, opinions, and the basis and the reasons therefore. Rule 16(a)(1)(G). The Advisory Committees' note on this Rule, at paragraph 6, states, in part:

> The amendment requires a summary of the basis relied upon by the expert. That should cover not only written and oral reports, tests, and investigations, but any information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including opinions of other experts.

This information will enable the Defendant to determine in advance of trial, whether she needs to obtain expert assistance in preparing her defense. *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. (1983); Rule 16(a)(1)(G). Additionally, if the government intends to use testimony under Rules 702, 703, or 705 as evidence at trial on the issue of the Defendant's mental condition, the government must provide a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Page 3

11.     Reasonable notice of any evidence of "other crimes, wrongs or acts" that the government intends to introduce at trial for whatever reason pursuant to Federal Rule of Evidence 404(b). Please provide the nature of any such acts.

Also please be advised that this office has limited resources, and the Defendant intends to investigate any allegations of other acts the government intends to introduce. Therefore, if putative 404(b) evidence occurred long distances from the Phoenix office, "reasonable" notice must be well in advance of trial, so as to permit adequate time to investigate and challenge the evidence.

12.     Pursuant to *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976), please have all government agents, whether federal, state, local or tribal, preserve any and all handwritten notes of witness interviews or investigations for possible use at trial as Jencks Act material, and for *in-camera* inspection by the Court for possible *Brady* material. *Brady v. Maryland*, 373 U.S. 82 (1963).

The government's discovery obligation extends to evidence that is relevant or material to sentencing under the Sentencing Guidelines. *See United States v. Rosa*, 891 F.2d 1075 (3d Cir. 1989); *United States v. Amerperosa*, 728 F. Supp. 1479 (D.Haw. 1990). Additionally, Federal Rule Crim. Proc. 16 and the good faith duty to contractually negotiate in a fair, informed, and intelligent manner (should we wish to resolve this case short of trial) mandate disclosure. *Brady v. Maryland*, 373 U.S. 82 (1963); *McCarthy v. United States*, 394 U.S. 459 (1969), and *Boykin v. Alabama*, 395 U.S. 238 (1969). The Sentencing Commission's policy calls for the government to disclose such information. U.S.S.G. §6B1.2.

Thank you for your attention to these matters. I look forward to working with you.

Sincerely,

ASHLEY D. ADAMS PLC

*Ashley D. Adams*

Ashley D. Adams
Attorney for Defendant

*ADA/me*

cc:     Pat Gitre, Esq.
        Mr. and Mrs. Pierce