| | |
|---|---|
| From: | Ashley Adams |
| To: | "Battista, Fred (USAAZ)"; Ivan Mathew; Patricia Gitre; Thompson, Woodrow C. |
| Cc: | Galati, Frank (USAAZ) |
| Subject: | RE: Pierce Et Al., Discovery Disclosure - Please Consider |
| Date: | Thursday, June 22, 2017 4:56:00 PM |

I am sorry that my comments were not more clear.  My client will not agree to a protective order that is any broader than what the rule protects, the *rule* being the privacy rule set forth in F.Crim.Pro. 49.1:

Rule 49.1. Privacy Protection For Filings Made with the Court
(a) Redacted Filings. Unless the court orders otherwise, in an
electronic or paper filing with the court that contains an individual's
social-security number, taxpayer-identification number, or
birth date, the name of an individual known to be a minor, a financial-account
number, or the home address of an individual, a
party or nonparty making the filing may include only;
(1) the last four digits of the social-security number and taxpayer-identification
number;
(2) the year of the individual's birth;
(3) the minor's initials;
(4) the last four digits of the financial-account number; and
(5) the city and state of the home address.

The fact that this cases arises out of another investigation does not require our clients to keep 302's and transcripts confidential.  The government chose to indict our clients at this time, and during this stage of the other investigation.   If the matters are unrelated, then there is no good cause for confidentiality.  If they are related, we should be advised as such, especially if other charges are anticipated.   We do not want to be in a position of dealing with these charges now,  and new charges later, as I am sure you can understand.   Do you anticipate a Superceding Indictment?

In terms of potential harm to a witness, that is something you are going to have to articulate-I don't see articulable harm in an alleged bribery case such as this-there are no issue surounding cooperation, or other concerns tha tyou might see in a drug case,  for example.   We don't really want to spend a lot more time and energy on this, so please send the discovery as soon as possible. I take no issue with redactions that are covered by rule 49.1.



4301 N. 75th St, Ste 105
Scottsdale, AZ 85251
Office:  (480) 219-1366
Cell:  (602) 524-3801
Facsimile:  (480) 219-1451

aadams@azwhitecollarcrime.com
www.azwhitecollarcrime.com

---

**From:** Battista, Fred (USAAZ) [mailto:Fred.Battista@usdoj.gov]
**Sent:** Thursday, June 22, 2017 10:21 AM
**To:** Ivan Mathew <ikmathew@mathewlaw.com>; Patricia Gitre <patgitre@patriciagitre.com>; Thompson, Woodrow C. <woody.thompson@gknet.com>; Ashley Adams <aadams@azwhitecollarcrime.com>
**Cc:** Galati, Frank (USAAZ) <Frank.Galati@usdoj.gov>
**Subject:** RE: Pierce Et Al., Discovery Disclosure - Please Consider

Counsel,

As we all are well aware, it is incumbent upon all counsel to attempt to resolve discovery disputes before seeking an order from the Court. With this duty in mind, let us set out our position fully and our understanding of defense counsels' position and/or positions. We do this with the hope we may still come to an agreement, avoid unnecessary litigation and expedite the discovery process. This being said, please consider the following concerning our proposed stipulations to entry of protective orders regarding the personal identity information of witnesses and certain sensitive information.

First, allow us to address the proposed stipulation concerning personal identifying information (PII). As you know, the purpose of the proposed protective order is to allow the government to make disclosure without the necessity of redacting personal identifiers and with the confidence that PII will be protected. We are of the opinion that protecting the PII of witnesses is not a controversial matter. Indeed, in another context, the federal rules require it. See Fed.Crim.R. 49.1. Please be advised, the current contact information for third-party witnesses will be redacted by the prosecution under any circumstances.

Despite the non-controversial nature of what we seek regarding PII, we are not entirely clear what the defense position is on PII because Ms. Adams' email of June 19 says "I am not going to agree to keep anything confidential except what the rule requires." In addition, Ms. Gitre (in her June 20 email) and Mr. Mathew (in his June 21 email) each make an approving reference to Ms. Adams' position. We are confused because Ms. Adams refers only to Rule 16 and that rule does not "require" that anything be kept confidential. Because we think there should be no controversy concerning our proposed PII order, and in the interest of moving forward, we will assume that Ms. Adams' objecion pertains only to the proposed protective order regarding confidential information, and that there is no objection to the proposed PII protective order. Please inform us forthwith if there are any objections to the proposed protective order regarding PII.

We acknowledge that the proposed protective order regarding confidential matters is not as cut-and-dried, yet we believe our position is the correct one. We agree with some of the positions your various emails stake out and disagree with others. First, the disagreements. Ms. Adams, in her June 19 email, is wrong in both her assertion of fact and her statement of the law. There, Ms. Adams said that she would not agree to our proposed protective order because "the government has already issued its own press release." What Ms. Adams said is incorrect. There was no such press release issued by the United States Attorney, the FBI or any other federal official. More significant is Ms. Adams misstatement of the law. She said, in purporting to quote from Advisory Committee Notes to Rule 16(d)(1), that "Protective orders are only appropriate 'where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed.'" Of course, the note says no such thing. The advisory note rather says:

"Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed. See Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)."

The advisory note says that potential physical harm to a witness is an obvious example of when such

an order is appropriate. It is not the only ground for such an order.

We certainly agree with Ms. Gitre's and Mr. Mathew's reference to Rule 16(d)(1)'s good cause standard, but don't agree that good cause does not exist here or that the proposed protective order regarding confidential information is overbroad. We thought we cleared this hurdle with Mr. Mathew during our telephone conversation of June 19.

All of you certainly know that the facts that resulted in the indictment of your clients were discovered during a much larger and more intensive investigation. Mr. Pierce, Mr. Norton and many others have been interviewed by the FBI concerning that larger investigation. Of course, FBI interviews may result in the creation of 302s, recordings and transcripts. The larger investigation is unrelated to our case, but the government will disclose to you interviews of Mr. Pierce, Mr. Norton and others in their entirety despite the fact that they pertain to the on-going, larger investigation. Simply put, we will be disclosing to you evidence in another investigation. What we seek to prevent through the proposed confidential information protective order is public dissemination of that evidence for purposes unrelated to your clients' defenses. We do not want persons who are unrelated to this case getting their hands on evidence that the FBI has gathered in an on-going investigation.  We do not seek to limit your use of the evidence in defending your clients. And we do not seek to prevent your clients from telling anyone they wish that they were interviewed by the FBI or what they said to the FBI. To call our proposal, as did Ms. Adams, a "gag order" is clearly incorrect. What we seek to limit is the publication of FBI 302s, and recordings and transcripts of witness interviews.  The release of the contents of these materials pretrial outside of this case, clearly has the potential of serious negative effects on both this case and the other pending investigation.

We certainly believe that the on-going investigation constitutes good cause for a protective order and courts have so ruled. For example, consider United States v. Smith, 985 F.Supp.2d 506 (S.D.N.Y. 2013) and United States v. Amodeo, 71 F.3d 1044, 1050 ("As a general proposition, courts have repeatedly recognized that materials…can be kept from the public if their dissemination might adversely affect law enforcement interests.") (Internal quotes omitted).

The 9th Circuit has articulated a three step process for evaluating good cause in the context of a civil case. The Court's analytical framework seems sound to us in deciding good cause under Rule 16(d)(1). First, it must be established that a particularized harm will occur without the order. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011).  Second, if the court determines that such a harm will result without the protective order, then the court must weigh the private interest against the public interest. Id.  Third, even if the evidence weighs in favor of a protective order, the court must determine if simply redacting portions of the material will be sufficient to prevent the particularized harm. Id. at 425

In sum, we think the law and facts are both on our side. We wish to avoid litigating this and prefer to get on with disclosure and trial preparation. Toward that end, we are open to your suggestions concerning making the proposed protective orders tighter if doing so eases your objections while protecting the interests that we think are important here. However, if you remain adamant that we are, as you say, at an impasse, please let us know and we will proceed accordingly.

Lastly, let us address a matter that is separate and apart from the proposed protective orders. It seems that only Mr. Mathew has objected to our redaction of witness addresses from 302s and perhaps similar documents. Mr. Mathew relies upon Rule 15.1 of the Arizona Rules of Criminal Procedure, a rule that expressly requires such disclosure. Our position is that Rule 16 of the Federal Rules governs and does not require such disclosure. Accordingly, we will continue with our usual practice and redact such information. Likewise, we will excise internal FBI codes from disclosed 302s and other FBI documents.

Thank you for your consideration of these matters.

Fred Battista & Frank Galati

**EXH 3-003**