Woody Thompson (AZ Bar No. 021356)
Jay S. Volquardsen (AZ Bar No. 020950)
Hannah H. Porter (AZ Bar No. 029842)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Phone: (602) 510-9999
Fax: (866) 689-0683
Email: woody.thompson@gknet.com
jay.volquardsen@gknet.com
hannah.porter@gknet.com
*Attorneys for Defendant George Harry Johnson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| United States of America, Plaintiff, vs. James Franklin Norton, *et al.*, Defendants. | Case No. 2:17-CR-00713-JJT<br><br>**DEFENDANT GEORGE HARRY JOHNSON'S REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY**<br><br>(Assigned to the Hon. John J. Tuchi)<br><br>Hearing: August 1, 2017 at 9:30 AM |
|---|---|

Defendant George Harry Johnson, by and through undersigned counsel, hereby files his Reply in Support of Motion to Compel Discovery. The government concedes that good cause must be shown before the Court can grant its proposed protective orders. *See* Response to Motions to Compel and Motion for Discovery and Motion for Protective Orders ("Response"), Doc. 40, at 4, 5 (acknowledging that "[p]rotecting this information requires 'good cause.'"). But while the government pays lip service to the good cause standard, it fails to meet its requirements. To show good cause, the government must articulate the specific harm that may result from disclosure for each document it seeks to protect. The Defendants have repeatedly asked the government to do so and the government has ignored those requests. The Response also fails to identify the specific and particularized harm, on a document-by-document basis, that will result if no

protective order is granted. Because the government has not met its burden, the Court should grant the Defendants' Motions to Compel.

## I. THE GOVERNMENT'S GENERAL STATEMENTS DO NOT SUFFICE UNDER THE GOOD CAUSE STANDARD.

The Response muddies the water on the appropriate standard for the Court to apply. Rule 16(d)(1) clearly allows the Court to restrict discovery for "good cause." Although the Ninth Circuit has not addressed good cause pursuant to Rule 16(d)(1), the parties all appear to agree that this Court should look to the case law interpreting the good cause standard under Fed. R. Civ. P. 26(c).[1] Indeed, in *United States v. Patkar*, No. CR. 06-00250 JMS, 2008 WL 233062, at *4 (D. Haw. Jan. 28, 2008), a case cited by the government, the court applied the standard from *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003), a civil case. Thus, it is undisputed that the government "bears the burden, <u>for each particular document it seeks to protect</u>, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

The government's attempts to distinguish *United States v. Arredondo*, No. CR-12-1055-PHX-FJM, 2012 WL 1946955, at *1 (D. Ariz. May 30, 2012) are unpersuasive. In *Arredondo*, the parties submitted a stipulated motion for a protective order of unfiled discovery materials because those materials contained confidential and sensitive information related to other ongoing investigations. *Id.* The court denied the motion because it failed to make a "sufficient showing for each particular document, or group of similar documents, that specific prejudice or harm will result if no protective order is granted for such documents." *Id.* at *2. The same is true in this case.

The government fails to show the specific prejudice for each document it seeks to protect. Instead, the government makes general assertions that some of the discovery materials relate to another, larger investigation. *See* Response 6-7. According to the

---

[1] Oddly, the government tries to fault the Defendants for citing civil Ninth Circuit cases, but at the same time, the government agrees that Rule 26(c) is a "useful tool" to determine whether good cause exists under Rule 16(d)(1). Response at 6.

government, this necessitates a protective order that applies to all of the witness interviews and reports of collected items – even the items that do not relate to the larger investigation. *See* Response at 2 (noting that some of the interviews do not involve the other investigation). Clearly, this broad allegation does not establish particularized harm, especially for the interviews unrelated to the other investigation. *See Beckman Indus. Inc. v. Int'l. Co.,* 966 F.2d 470,476 (9th Cir. 1992) ("[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (internal quotation omitted).

Instead of articulating specific harm on a document-by-document basis, the government asserts that the public has no right to pretrial discovery materials and so the proposed protective orders will not harm the public. This argument runs contrary to the premise of Rule 16(d), which allows for limitations on discovery <u>only if good cause is shown</u>. Thus, the Rule presumes a public interest in pretrial discovery. Moreover, the government's reliance upon case law from other circuits ignores plain Ninth Circuit law. In the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999); *see also In Re Roman Catholic Archbishop of Portland in Or.,* 661 F.3d 417, 424 (9th Cir. 2011) (noting that generally the public is permitted access to litigation documents and information produced during discovery).

In a similar vein, the government asserts that the proposed protective orders will not prejudice the Defendants. This argument is a red herring. An alleged lack of prejudice to the Defendants does not suffice to meet the government's affirmative burden to show good cause. Without being able to view any of the materials, the Defendants cannot know for certain whether they will or will not be prejudiced by the proposed restrictions on those materials. Moreover, as to personal identifying information ("PII"), Federal Rule of Criminal Procedure 49.1 already provides substantial protections for PII.

3

The government has not established good cause for protection of this information beyond that provided in Rule 49.1.

## II. THE GOVERNMENT'S PROPOSED PROTECTIVE ORDERS ARE OVERLY BROAD AND UNWORKABLE.

Even if the government had met its burden to show good cause, which it hasn't, the proposed protective orders submitted by the government go too far. For example, the protective order regarding PII covers addresses, email addresses, telephone numbers, dates of birth, and "financial information including account numbers." The proposed order does not specifically define financial information, leaving the Defendants to guess what type of information is covered. The proposed order prohibits the Defendants from retaining PII of any persons other than for themselves or a current spouse during the course of the litigation. Accordingly, the Defendants would not be allowed to retain any discovery materials that contain an address, telephone number or any "financial information" (whatever that is deemed to include) of any person, including the other co-Defendants.

This is not all. The PII order even requires the defense team to "destroy, at the conclusion of this matter, all PII in its possession." Similarly, the Confidential Information Order requires the return of all confidential material after the conclusion of these proceedings and any direct appeal. Thus, the orders would potentially interfere with defense counsel's own document retention policies.

## III. CONCLUSION.

Despite multiple opportunities to do so, the government has not met its burden to show good cause for each of the documents it seeks to protect. The government's generalized statements regarding another investigation do not suffice. Accordingly, the Court should grant the Defendants' motions to compel, order the government to immediately disclose all Rule 16 discovery to the defense, and deny the government's Motion for Protective Orders.

DATED this 19th day of July, 2017

**GALLAGHER & KENNEDY, P.A.**

By:*/s/ Woody Thompson*
  Woody Thompson
  Jay S. Volquardsen
  Hannah H. Porter
  Attorneys for *Defendant George Harry Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2017, a copy of the foregoing document was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5.5(h), notice of filing will be served on all parties by operation of the Court's CM/ECF system, and parties may access this filing through the Courts' CM/ECF system.

Frederick A. Battista
Frank T. Galati
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, AZ 85004-4408

Patricia Gitre
Patricia A. Gitre, PLC
801 N. 1st Avenue
Phoenix, AZ 85003
*Attorneys for Defendant Gary L. Pierce*

Ashley Adams
Ashley D. Adams, PLC
8245 N. 85th Way
Scottsdale, AZ 85258
*Attorneys for Defendant Sherry A. Pierce*

Ivan K. Matthew
Susan Turner Matthew
Matthew & Associates
6245 N. 24th Parkway, Suite 207
Phoenix, AZ 85016
*Attorneys for Defendant James Franklin Norton*

*/s/ Andrea L. Parker*