**FREDENBERG BEAMS**
Daniel E. Fredenberg – 020158
Christian C. M. Beams – 019672
4747 N. 7th Street, Suite 402
Phoenix, Arizona 85014
Telephone: 602/595-9299
Email: dfredenberg@fblegalgroup.com
Email: cbeams@fblegalgroup.com

Attorneys for Johnson Utilities, L.L.C.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>(1)　Gary Leonard Pierce,<br>　　　(Counts 1-8)<br>(2)　George Harry Johnson,<br>　　　(Counts 1-8)<br>(3)　James Franklin Norton, and<br>　　　(Counts 1-8)<br>(4)　Sherry Ann Pierce<br>　　　(Counts 1-8)<br><br>　　　　　Defendants. | Case No. CR-17-00713-PHX-JJT(JZB)<br><br>**JOHNSON UTILITIES, L.L.C.'S MOTION TO QUASH SUBPOENA SERVED UPON THE ARIZONA CORPORATION COMMISSION** |

Pursuant to Rule 17(c)(2), Fed.R.Crim.P., Johnson Utilities, L.L.C., ("Johnson Utilities") hereby moves to quash the Subpoena seeking documents that was recently served upon the Arizona Corporation Commission (the "ACC") on the grounds that the documents sought are irrelevant to these proceedings, but relevance aside, are confidential and subject to a Protective Order.

This Motion is supported by the following Memorandum of Points and Authorities.

///
///
///

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION.**

On Monday, November 6, 2017, Johnson Utilities was advised, through its regulatory attorney Jeff Crockett, that the ACC had been served with a Subpoena requiring the production of records pertaining to Johnson Utilities (the "Subpoena").[1]  *See* E-Mail from A. Kvesic to J. Crockett, attached hereto as Exhibit A.

In particular, the documents sought by the Subpoena relate to documents produced by Johnson Utilities in connection with a rate case before the ACC.  Early on in that matter, the parties recognized that information to which the ACC would desire access may be of a proprietary, confidential or legally protected nature.  To that end, the ACC and Johnson Utilities, LLC agreed to a Protective Agreement on September 22, 2008 (the "Protective Agreement"), a copy of which is attached hereto as Exhibit B.

On November 8, 2016, in connection with that case, ACC Staff submitted a Set of Data Requests to Johnson Utilities (the "Requests"), a copy of which is attached hereto as Exhibit C.  On November 15, 2016, Johnson Utilities, through the management company Hunt Mgt, LLC, responded to these Requests, specifically designating the information being produced as confidential.  *See* Letter from B. Cole to T. Hunsaker and R. Mitchell, attached hereto as Exhibit D.

Johnson Utilities objects to the Subpoena on the grounds that 1) these records are wholly irrelevant to any of the allegations in this case, and 2) even if relevant, the subpoena seeks the production of confidential information specifically protected by the Protective Agreement.  For these reasons, Johnson Utilities respectfully moves that the Subpoena be quashed.

**II.  LEGAL STANDARD.**

Pursuant to Rule 17(c)(2), a subpoena may be quashed by the Court if compliance would be "unreasonable or oppressive."  What constitutes "unreasonable" or "oppressive" depends upon the context.  *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299 (1991).

---

[1] A copy of this Subpoena was not provided to Johnson Utilities or, to the undersigned's understanding, opposing counsel to this case.  It has now been sought by, and is the subject of, a pending Public Records Request submitted to the Arizona Corporation Commission.

In the Grand Jury context, a subpoena may be deemed as such if it is "irrelevant, abusive or harassing, overly vague or excessively broad, or if compliance is likely to entail consequences more serious than even severe inconveniences occasioned by irrelevant or overbroad requests for records." *In re Subpoena*, 646 F.3d 159, 164 (4th Cir. 2011) (citations omitted).

## III. THE INFORMATION SOUGHT IS IRRELEVANT TO THESE PROCEEDINGS.

One need look no further than the four corners of the Indictment filed on May 23, 2017. It contains various allegations of wrongdoing – all of which have been disputed – with regard to four named defendants, none of which are Johnson Utilities. While it generally alleges that the purported "object of the defendants' conspiracy" was to benefit "defendant GEORGE HARRY JOHNSON and Johnson Utilities, LLC," there is no allegation concerning any action of Johnson Utilities. *See* Indictment (Dkt # 1), at ¶ 15.

Moreover, it is axiomatic that corporate entities are separate and distinct in the eyes of the law. *See U.S. v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A limited liability company is not a corporation, but it is like one in being distinct from a natural person."). Johnson Utilities is not Defendant George Johnson merely because they share a name. Put another way, the presence of disputed allegations against Mr. Johnson, an individual, does not open the door to overbroad discovery against Johnson Utilities.

Because the information sought is irrelevant to these proceedings, the Subpoena must be quashed.

## IV. THE INFORMATION SOUGHT IS PROPRIETARY AND CONFIDENTIAL.

Irrelevance aside, Johnson Utilities is greatly concerned that the production of this information would compromise the proprietary, sensitive and confidential data of not just itself, but its customers. Indeed, it was this same concern that, nearly a decade ago, prompted the ACC and Johnson Utilities to enter into the Protective Agreement. The ACC should not be compelled to turn over information designated confidential under the Protective Agreement, and has nothing whatsoever to do with the allegations in this case.

As such, the Subpoena should be quashed in whole, or alternatively, modified to require the production of *only* information that is not designated confidential and subject to the Protective Agreement.

## V.     CONCLUSION.

For the foregoing reasons, Johnson Utilities respectfully requests that the Subpoena be quashed on the basis of relevance. Should the Court deem the requested to be relevant – which it should not – Johnson Utilities alternatively requests that the Subpoena be modified and limited to only non-confidential information.

RESPECTFULLY SUBMITTED this 8th day of November, 2017.

**FREDENBERG BEAMS**

By:     /s/   Christian C.M. Beams
Daniel E. Fredenberg
Christian C. M. Beams
Attorneys for Johnson Utilities, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2017, I electronically transmitted the attached document to the Clerk's Office using CM/ECF System for filing and mailed a copy to:

Frederick A. Battista
Frank T. Galati
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, AZ 85004-4408

Patricia Gitre
Patricia A. Gitre, PLC
801 N. 1st Avenue
Phoenix, AZ 85003
*Attorneys for Defendant Gary L. Pierce*

Woody Thompson
Gallagher & Kennedy, P.A.
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
*Attorneys for George H. Johnson*

Ashley Adams
Ashley D. Adams, PLC
8245 N. 85th Way
Scottsdale, AZ 85258
*Attorneys for Defendant Sherry A. Pierce*

Ivan K. Matthew
Susan Turner Matthew
Matthew & Associates
6245 N. 24th Parkway, Suite 207
Phoenix, AZ 85016
*Attorneys for Defendant James Franklin Norton*

        /s/ Christian C.M. Beams