**EXHIBIT A**

## Christian C.M. Beams

| | |
|---|---|
| **From:** | Jeff Crockett <jeff@jeffcrockettlaw.com> |
| **Sent:** | Tuesday, November 7, 2017 4:48 PM |
| **To:** | Christian C.M. Beams |
| **Cc:** | Gary Drummond; Bradley Cole |
| **Subject:** | FW: Johnson Utilities |
| **Attachments:** | Protective Agreement.pdf; Transmitting letter.pdf |

Chris,

Here is the initial e-mail from Andy Kvesic.

Jeff

**From:** Andy Kvesic [mailto:AKvesic@azcc.gov]
**Sent:** Monday, November 06, 2017 3:12 PM
**To:** Jeff Crockett <jeff@jeffcrockettlaw.com>
**Subject:** Johnson Utilities

Hi Jeff,

I am writing you in your capacity as attorney for Johnson Utilities, LLC, and pursuant to Section 9 of the attached Protective Agreement. The Commission has been compelled in a federal court proceeding to produce certain records related to Johnson Utilities that may be construed as "Confidential Information" under the attached agreement. Most of the records are from Johnson's response to Staff's 15th set of data requests in Docket No. WS-02987A-1-08-0180 (Johnson cover letter attached).

We intend to produce these materials no sooner than 3:00 p.m. on Thursday, November 9, 2017. If you need to discuss this please give me a call. Thanks.

**Andy M. Kvesic**
Chief Counsel & Legal Division Director
Arizona Corporation Commission
1200 W. Washington Street
Phoenix, Arizona 85007
(602) 542-6029 (office)
akvesic@azcc.gov
www.azcc.gov

ARIZONA CORPORATION COMMISSION
Powering Arizona's Future

1

**EXHIBIT B**

|   |   |
|---|---|
| BEFORE THE ARIZONA CORPORATION COMMISSION | |

**COMMISSIONERS**

MIKE GLEASON – Chairman
WILLIAM A. MUNDELL
JEFF HATCH-MILLER
KRISTIN K. MAYES
GARY PIERCE

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF JOHNSON UTILITIES, L.L.C., FOR AN INCREASE IN ITS WATER AND WASTEWATER RATES FOR CUSTOMERS WITHIN PINAL COUNTY, ARIZONA. | DOCKET NO. WS-02987A-08-0180<br><br>PROTECTIVE AGREEMENT |

The Arizona Corporation Commission Staff ("Staff") has requested access to certain information, some of which Johnson Utilities, L.L.C. ("Company") alleges may be of a proprietary, confidential, or legally protected nature ("Confidential Information").

In order to expedite the Company's provision of information, Company, Staff, and any independent contracting consultants retained by Staff for this docket (cumulatively referred to herein as "the parties") agree as follows:

§1. **Non-Disclosure.** Except with the prior consent of the party originally designating information as confidential, or as hereinafter provided under this Agreement, no Confidential Information may be disclosed to any person. This requirement does not prohibit Staff from using and disclosing Confidential Information provided by Company in reports or documents that aggregate all information gathered from the parties to this docket, provided that Company's individual disclosure is indiscernible from the aggregate report. In addition, where Confidential Information provided by Company is confidential solely as a result of either disclosing individual customer information or disclosing specific prices, this Agreement shall not prohibit Staff from the public disclosure of such information in an aggregated form, where no individual customer or specific individual price can be ascertained.

§2. **Designation of Confidential Information.** For purposes of this Agreement, any information furnished to Staff that Company claims to be a trade secret, or of a proprietary, confidential, or legally protected nature, shall be designated and referred to herein as "Confidential

Information." Access to and review of Confidential Information shall be strictly controlled by the terms of this Agreement.

All Confidential Information provided to Staff pursuant to this Agreement shall be so marked by Company with a designation indicating its alleged trade secret, proprietary, confidential, or legally protected nature. The Company shall memorialize in writing any Confidential Information that it verbally discloses to Staff within five (5) business days of its verbal disclosure, and the writing shall be marked by the Company with the appropriate designation. Any Confidential Information disclosed verbally by Company shall be specifically identified as confidential at the time of its verbal disclosure and shall be safeguarded by Staff and its contracting consultants only during the five (5) business day period during which memorialization may be provided. Company agrees that it will carefully consider the basis upon which any information is claimed to be trade secret, proprietary, confidential, or otherwise legally protected. Company shall designate as Confidential Information only such information as it may claim in good faith to be legally protected. Where only a part of a document, or only a part of an informational submittal may reasonably be considered to be trade secret, proprietary, confidential, or otherwise legally protected, Company shall designate only that part of such information submittal as Confidential Information under this Agreement. Information that is publicly available from any other source shall not be claimed as Confidential Information under this Agreement. While the Staff will honor the Company's designation of documents or portions thereof as "Confidential", mere designation of a document as "Confidential" does not mean that it is in fact or in law confidential. As set forth in § 7 below, the Staff shall have the right to challenge at any time the Company's designation of any document or portion thereof as "Confidential" in accordance with the procedures described in this Agreement.

§3. **Performance Under Agreement Does Not Result in Waiver or Disclosure**. Execution of this Agreement by the parties and performance of their obligations hereunder shall not result in waiver of any claim, issue, or dispute concerning the trade secret, proprietary, confidential, or legally protected nature of the Confidential Information provided. Neither the limited provision of Confidential Information by Company pursuant to this Agreement nor the limited provision by Staff of Confidential Information pursuant to §6 of this Agreement constitutes public disclosure.

§4. **Access to Confidential Information.** Prior to reviewing any Confidential Information, any Commission Staff members or independent contracting consultants shall first be required to read a copy of this Protective Agreement and to certify by their signatures on Exhibit A of this Agreement that they have reviewed the same and have consented to be bound by its terms. Exhibit A of this Agreement shall contain the signatory's full name, business address, employer, and the signatory's position with or relationship to the Arizona Corporation Commission ("Commission"). Upon their execution, any and all Exhibits shall be promptly provided to counsel for Company.

§5. **Use of Confidential Information.** All persons who are signatories to this Agreement shall neither use nor disclose the Confidential Information for purposes of business or competition, or for any purposes other than those necessary for the disposition of this docket, including the preparation for and conduct of any administrative or legal proceeding. All persons afforded access to Confidential Information shall keep it secure as trade secret, confidential, or legally protected information in accordance with the purposes and intent of this Agreement.

§6. **Non-Signatories Entitled to Review.** To the extent that disclosure is necessary to the disposition of this docket, any Commission signatory to this Agreement may provide Confidential Information under seal to the Commissioners and their Staffs, to other members of the Commission Staff who are advising the Commissioners and their Staffs, or to any Commission administrative law judge ("ALJ").

§7. **Disclosure of Information to the Public.** The Confidential Information provided pursuant to this Agreement shall not be disclosed, nor shall it be made a part of the public record in this docket, or in any other administrative or legal proceeding unless Staff provides Company five (5) business days written notice that information designated by Company as Confidential Information shall be subject to disclosure as a public record. Upon the expiration of five (5) business days from the date written notice is received by Company, any Confidential Information identified in the notice as subject to disclosure shall become part of the public record in this docket, unless Company initiates a protective proceeding under the terms of this Agreement.

3

§8. **Protective Proceedings to Prevent Disclosure to the Public.** In the event that Company seeks to prevent public disclosure of Confidential Information pursuant to §7 above, Company shall file within five (5) business days of receipt of Staff's written notice a motion presenting the specific grounds upon which it claims that the Confidential Information should not be disclosed or should not be made a part of the public record. Staff shall have an opportunity to respond to the motion. Company's motion may be ruled upon by either the Commission or an assigned Commission ALJ. Company may provide to the Commission or the ALJ the Confidential Information referenced in the motion without waiver that the information should remain confidential under the terms of this Agreement. Any Confidential Information so provided shall be kept under seal for the purpose of permitting inspection by the Commission or the ALJ prior to ruling on the motion.

Notwithstanding any determination by the ALJ or the Commission that any Confidential Information provided pursuant to this Agreement should be made a part of the public record or otherwise disclosed, public disclosure shall not occur for a period of five (5) calendar days so that Company may seek judicial relief from the ALJ's or the Commission's decision. Upon expiration of the five (5) day period, the Commission shall release the information to the public unless Company has received a stay or determination from a court of competent jurisdiction that the information is proprietary and is not a public record subject to disclosure under A.R.S. § 39-101 et seq.

§9. **Judicial Proceedings Related to NonParty's Request for Disclosure.** Where the Commission, ALJ, or Staff determine that disclosure is not appropriate, the Company as the real party in interest shall join as a co-defendant in any judicial action brought against the Commission and/or Commissioners by the party seeking disclosure of the information, unless the Company is already specifically named in the action. Company also agrees to indemnify and hold the Commission harmless from any assessment of expenses, attorneys' fees, or damages resulting from the Commission's denial of access to the information found to be non-confidential.

In the event that the Commission becomes legally compelled (by deposition, interrogatory, request for documents, subpoena, civil investigative demand, or similar process) to disclose any of the Confidential Information, the Commission shall provide Company with prompt written notice of such requirement so that Company may seek an appropriate remedy and/or waive compliance.

Company agrees that, upon receipt of such notice, Company will either undertake to oppose disclosure of the Confidential Information or waive compliance with this Agreement. In the event that disclosure of the Confidential Information is ordered, the Commission agrees to furnish only that portion of the Confidential Information that is legally required.

§10. **No Preclusion of Evidentiary Objections.** In the event that public disclosure of Confidential Information occurs, the provision of such information by Company pursuant to this Agreement shall not limit the right of Company to object to its relevance or admissibility in proceedings before the Commission.

§11 **Use of Confidential Information in Other Commission Dockets.** The Staff agrees that it shall not use the confidential information obtained in this docket for purposes of any other Commission dockets or other proceedings without the express consent of the Company.

§12. **Return of Confidential Information.** Within ninety (90) days of the final disposition of any administrative or legal proceeding arising in or from this docket, Company shall submit a written request for the return of all Confidential Information, copies thereof, and notes made by signatories to this Agreement. If such a request is not received within the stated 90 days, Staff shall destroy all Confidential Information, copies thereof, and notes made by signatories to this Agreement, or return to Company all Confidential Information, copies thereof, and notes made by signatories to this Agreement, following written notice to Company of Staff's intent to return. If this Protective Agreement is entered into in order to facilitate the provision of Confidential Information in connection with an informational filing made pursuant to a Commission Administrative Rule or Commission Order, this provision providing for the return or destruction of Confidential Information shall not apply. Commission Staff shall retain any Confidential Information provided in connection with such an informational filing for whatever time period it deems appropriate. Should the Commission Staff determine that it no longer needs such Confidential Information to fulfill the purposes of the related Commission Administrative Rule or Commission Order, the Confidential Information shall be returned to the Company or destroyed, at the Commission Staff's discretion.

§13. **No Admission of Privileged or Confidential Status.** By participating in this Agreement, Staff and its contracting consultants are neither admitting nor agreeing with Company

5

that any of the information designated as Confidential Information is, either in fact or as a matter of law, a trade secret or of a proprietary, confidential, or legally protected nature. The Company shall have the burden of proof at all times to demonstrate that any information it has designated as Confidential Information is either in fact or as a matter of law, a trade secret or of a proprietary, confidential, or legally protected nature.

§14. **Breach of Agreement.** Company, in any legal action or complaint that it files in any court alleging breach of this Agreement shall, at the written request of the Commission, name the Arizona Corporation Commission as a Defendant therein.

§15. **Non-Termination.** The provisions of this Agreement shall not terminate at the conclusion of this proceeding.

DATED this 22nd day of SEPTEMBER 2008.

ARIZONA CORPORATION COMMISSION        JOHNSON UTILITIES, L.L.C.

By _____              By _____

Robin R. Mitchell                       Jeffrey W. Crockett, Esq.
Attorney, Legal Division                Bradley S. Carroll, Esq.
Arizona Corporation Commission          Kristoffer P. Kiefer, Esq.
1200 West Washington Street             SNELL & WILMER LLP
Phoenix, AZ 85007                       One Arizona Center
(602) 542-3402                          Phoenix, AZ 85004
                                        (602) 382-6234
Attorney for Arizona Corporation
Commission Staff                        Attorneys for Johnson Utilities, L.L.C.

**EXHIBIT "A"**

I have read the foregoing Protective Agreement dated _____, 2008, *IN THE MATTER OF THE APPLICATION OF JOHNSON UTILITIES, L.L.C. FOR AN INCREASE IN ITS WATER AND WASTEWATER RATES FOR CUSTOMERS WITHIN PINAL COUNTY, ARIZONA – WS-02987A-08-0180* and agree to be bound by the terms and conditions of such Agreement.

_____
Name

_____
Signature

_____
Employer or Firm

_____
Business Address

_____
Position or relationship with the
Arizona Corporation Commission

_____
Date

7

**EXHIBIT C**

| | | |
|---|---|---|
| **COMMISSIONERS**<br>**DOUG LITTLE** –Chairman<br>**BOB STUMP**<br>**BOB BURNS**<br>**TOM FORESE**<br>**ANDY TOBIN** |  | **JODI JERICH**<br>Executive Director |

## ARIZONA CORPORATION COMMISSION

November 8, 2016

Jeffrey W. Crockett, Esq.  
CROCKETT LAW GROUP, PLLC  
1702 E. Highland Avenue, Suite 204  
Phoenix, Arizona 85016

*Via United States Mail and Email*  
jeff@jeffcrockettlaw.com

Re: Staff's **Fifteenth** Set of Data Requests to Johnson Utilities, L.L.C.  
Docket No. WS-02987A-1-08-0180

Dear Mr. Crockett:

Please treat this as Staff's **Fifteenth** Set of Data Requests to Johnson Utilities, L.L.C. in the above-referenced matters.

For purposes of this data request set, the words "Company," "you," and "your" refer to Johnson Utilities, L.L.C. and any representative, including every person and/or entity acting with, under the control of, or on behalf of Johnson Utilities, L.L.C. For each answer, please identify by name, title, and address each person providing information that forms the basis for the response provided.

These data requests are continuing, and your answers or any documents supplied in response to these data requests should be supplemented with any additional information or documents that come to your attention after you have provided your initial responses.

Please respond within **ten (10)** calendar days of your receipt of the copy of this letter. However, if you require additional time, please let us know.

*All information responses should ONLY be provided in searchable PDF, DOC or EXCEL files via email or electronic media. Please provide one hard copy of the requested data directly to each of the following addressees to:*

(1) Teresa Hunsaker, Utilities Division, Arizona Corporation Commission, 1200 West Washington Street, Phoenix, Arizona 85007 (thunsaker@azcc.gov).

(2) Robin Mitchell, Attorney, Legal Division, Arizona Corporation Commission, 1200 West Washington Street, Phoenix, Arizona 85007 (rmitchell@azcc.gov).

Sincerely,

Robin Mitchell, Legal Division  
(602) 542-3402

RM:plh  
cc: Teresa Hunsaker *(Via eMail Only)*  
Enclosure

ARIZONA CORPORATION COMMISSION
STAFF'S FIFTEENTH SET OF DATA REQUESTS TO
JOHNSON UTILITIES, L.L.C.
DOCKET NO. WS-02987A-08-0180
NOVEMBER 8, 2016

> **Subject:** All information responses should ONLY be provided in <u>searchable</u> PDF, DOC or EXCEL files via email or electronic media.
>
> ***For all data requests for which you do not have the information requested, please state such and skip to the next data request. Also, for responses to data requests that may be voluminous or overly burdensome, please contact the assigned analyst, Teresa Hunsaker at 602-542-7190 to discuss.

**TBH 15.1:** **Monthly Bank Statements**
Please provide the complete monthly bank statements (i.e. each page of each monthly bank statement) for the CAGRD bank account with National Bank of Arizona account number 0566014989 from October 1, 2015 through September 30, 2016.

**TBH 15.2:** **System Revenue**
Please forward a ledger of the monthly CAGRD revenue for the Phoenix AMA and the Pinal AMA from October 1, 2015 through September 30, 2016. Please provide the export files from your billing system that supports the numbers provided in Attachment 1.

**TBH 15.3:** **System Revenue**
Please provide the export file from your general ledger system of the monthly detail summary for the Phoenix AMA and the Pinal AMA from October 1, 2015 through September 30, 2016 of the amounts billed, collected, deposited, and deposits in transit.

**TBH 15.4:** **Bank Account Recap**
Please provide a support schedule and narrative for the October 2015 payment to CAGRD due to underfunding calculation of $2,800,000 provided in Attachment 1.

**TBH 15.5:** **Check and Withdrawals from CAGRD bank account (Listed Above)**
Please describe/provide the following:

(a) A complete list all charges and checks processed from October 1, 2015 through September 30, 2016.

(b) Please provided an explanation for each charge and check processed within the aforementioned date parameters.

(c) Please provided the front and back of each check made out for cash within the aforementioned date parameters.

**EXHIBIT D**

# HUNT MGT, LLC

**5310 EAST SHEA BOULEVARD, SUITE 2**
**SCOTTSDALE, ARIZONA 85254**
PH: (480) 998-3300  -  FAX: (480) 998-3642



Robin
Betty
Maureen

November 15, 2016

Teresa Hunsaker
Utilities Division, Arizona Corporation Commission
1200 W. Washington Street
Phoenix, AZ 85007

Robin Mitchell, Attorney
Legal Division, Arizona Corporation Commission
1200 W. Washington Street
Phoenix, AZ 85007

*Hand delivered*

RE:   Response to Staff's **Fifteenth** Set of Data Request to Johnson Utilities, L.L.C.
      Docket No. WS-02987A-1-08-0180

As requested in your request dated November 8, 2016. Enclosed are all responses in electronic form.

Please note that the data provided is confidential in nature and should be properly secured.

Sincerely,

Brad Cole
*for Johnson Utilities LLC*

Enc (electronic flash drive)

RECEIVED
NOV 1 6 2016
LEGAL DIVISION
AZ CORP COMM